UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AIDA MOJBEL,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

**DECISION AND ORDER**

1:18-CV-00400 EAW

## **INTRODUCTION**

Represented by counsel, Plaintiff Aida Mojbel ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 12; Dkt. 14). For the reasons discussed below, Plaintiff's motion (Dkt. 12) is granted in part, the Commissioner's motion (Dkt. 14) is denied, and the matter is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed her application for SSI on March 10, 2014. (Dkt. 7 at 20, 50).[1] In her application, Plaintiff alleged disability due to back problems. (*Id.* at 50). Plaintiff's applications were initially denied on May 14, 2014. (*Id.* at 20, 57). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Eric L. Glazer in Buffalo, New York, on August 17, 2016. (*Id.* at 20, 32-48). On November 3, 2016, the ALJ issued an unfavorable decision. (*Id.* at 17-31). Plaintiff requested Appeals Council review; her request was denied on January 26, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 4-8). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

(quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically

equals the criteria of a Listing and meets the durational requirement (*id.* § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since March 10, 2014, the date of her application. (Dkt. 7 at 19).

At step two, the ALJ found that Plaintiff suffered from the severe impairment of spine disorder. (*Id.*). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.

(*Id.*). The ALJ particularly considered the criteria of Listings 1.00(B)(2)(b) and 1.04 in reaching his conclusion. (*Id.* at 19-20).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the additional limitations that Plaintiff "has unlimited ability to balance," "can occasionally climb ramps, stairs, ladders, ropes and scaffolds," and "can occasionally kneel, crouch and crawl." (*Id.* at 23). At step four, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 26).

At step five, the ALJ relied on the Medical-Vocational Guidelines to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 25-26). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 27).

## II. <u>Remand of this Matter for Further Proceedings is Necessary</u>

Plaintiff asks the Court to reverse or, in the alterative, remand this matter to the Commissioner, arguing: (1) the ALJ failed to properly weigh and consider the opinion of treating physician Dr. Myron Glick; (2) the ALJ's RFC finding is not supported by substantial evidence because he failed to properly take into account Plaintiff's inability to communicate in English; and (3) the ALJ erred as a matter of law in not eliciting testimony from a vocational expert. (Dkt. 12-1 at 9-15). For the reasons set forth below, the Court

finds that the ALJ failed to properly weight Dr. Glick's opinion and that this error necessitates remand for further proceedings.

A. <u>**Assessment of Dr. Glick's Opinion**</u>

Because Plaintiff's claim was filed before March 27, 2017, the ALJ was required to apply the treating physician rule, under which a treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2). Under the treating physician rule, if the ALJ declines to afford controlling weight to a treating physician's medical opinion, he or she "must consider various factors to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (internal quotation marks omitted). These factors include:

> (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

*Id.* "An ALJ does not have to explicitly walk through these factors, so long as the Court can conclude that the ALJ applied the substance of the treating physician rule[.]" *Scitney v. Colvin*, 41 F. Supp. 3d 289, 301 (W.D.N.Y. 2014) (internal quotation omitted).

Whatever weight the ALJ assigns to the treating physician's opinion, he must "give good reasons in [his] notice of determination or decision for the weight [he gives to the] treating source's medical opinion." 20 C.F.R. § 404.1527 (c)(2); *see also Harris v. Colvin*, 149 F. Supp. 3d 435, 441 (W.D.N.Y. 2016) ("A corollary to the treating physician rule is

the so-called 'good reasons rule,' which is based on the regulations specifying that 'the Commissioner "will always give good reasons"' for the weight given to a treating source opinion." (quoting *Halloran*, 362 F.3d at 32)). "Those good reasons must be supported by the evidence in the case record, and must be sufficiently specific...." *Harris*, 149 F. Supp. 3d at 441 (internal quotation marks omitted). The Second Circuit "[does] not hesitate to remand when the Commissioner's decision has not provided 'good reasons' for the weight given to a [treating physician's] opinion and [it] will continue remanding when [it] encounter[s] opinions from [ALJs] that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33.

In this case, Dr. Glick, Plaintiff's primary care physician, began treating Plaintiff in 2011. (Dkt. 7 at 551). On August 6, 2016, Dr. Glick completed a Physical Medical Source Statement in which he opined that Plaintiff suffered from lumbar disc disease and "multiple herniated lumbar discs." (*Id.*). Dr. Glick further opined that Plaintiff could walk only one city block "without rest or severe pain," that she could sit for 15 minutes and stand for 10 minutes before needing to change position, that she was "100% disabled" and incapable of work, that she could rarely lift less than 10 pounds and could never lift more than 10 pounds, that she could never twist, stoop, or climb ladders and could occasionally climb stairs, that she was likely to be off-task for 25% or more of the workday, and that she was incapable of even low stress work. (*Id.* at 551-54).

In his opinion, the ALJ afforded Dr. Glick's opinion "little weight," stating that it "contrast[ed] sharply with the other evidence of record, including Dr. Glick's own treatment notes reflecting that [Plaintiff] had a full range of motion, decreased pain, and

medical improvement with physical therapy," and that Dr. Glick "appear[ed] to have relied to a great extent on the subjective report of symptoms and limitations provided by [Plaintiff]." (*Id.* at 25-26).

The Court agrees with Plaintiff that the ALJ did not provide good reasons for the weight given to Dr. Glick's opinion. With respect to the ALJ's one-sentence assertion that Dr. Glick's opinion "contrasts sharply with the other evidence of record" (*id.* at 25), "[u]nder the treating physician rule, an ALJ may not reject a treating physician's opinion based solely on such conclusory assertions of inconsistency with the medical record." *Marchetti v. Colvin*, No. 13-CV-02581 KAM, 2014 WL 7359158, at *13 (E.D.N.Y. Dec. 24, 2014). The ALJ did not cite to any specific medical findings in making this assertion, but instead merely cited generally to more than three years' worth of treatment records. (*See* Dkt. 7 at 26). This does not constitute a "good reason" to reject a treating physician's opinion. *See, e.g., Lopez-Tiru v. Astrue*, No. 09-CV-1638 ARR, 2011 WL 1748515, at *4 (E.D.N.Y. May 5, 2011) (finding violation of the treating physician rule where ALJ rejected treating physician's opinion "after making several conclusory statements," such as that the treating physician's opinion "was based on subjective complaints," "not supported by clinical findings," and "not confirmed to the extent claimed by the other treating physicians").

The Court further notes that the ALJ's general characterization of Dr. Glick's treatment notes greatly oversimplifies his findings. For example, while the ALJ asserts with elaboration that Dr. Glick's treatment notes show "a full range of motion," a review of those treatment notes reveals Dr. Glick repeatedly recorded issues during physical

examinations such as "neck and trapezius tenderness pain with ROM of neck," "lumbar and paravertebral tenderness," "lumbar tenderness," "pain with flexion of back," and "pain with flexion." (Dkt. 7 at 375, 400, 408, 415). Additionally, as Dr. Glick noted in his medical source statement, MRIs performed in May 2013 and March 2015 showed that Plaintiff suffered from multiple disc herniations with stenosis and impingement of the nerve root. (Dkt. 7 at 278-282).

Turning to the ALJ's contention that Dr. Glick "appears to have relied to a great extent on the subjective report of symptoms and limitations provided by [Plaintiff]," (Dkt. 7 at 26), the ALJ provided no explanation for how he reached that conclusion. Dr. Glick's medical source statement specifically sets forth the clinical findings that informed his opinion, including the MRIs of Plaintiff's lumbar spine that showed multiple herniated discs and physical examinations showing positive straight leg raising tests on the left, lumbar tenderness, and decreased range of motion. (*Id.* at 551). Moreover, the Second Circuit has held that "[t]he fact that [a treating physician] also relied on [a plaintiff's] subjective complaints hardly undermines his opinion as to her functional limitations, as [a] patient's report of complaints, or history, is an essential diagnostic tool." *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) (quotation omitted).

In sum, the Court finds that the ALJ failed to give good reasons for affording only little weight to Dr. Glick's opinion, in violation of the treating physician rule. This is particularly true in light of the fact that Dr. Glick's medical source statement was the only competent medical opinion in the record. This error by the ALJ warrants remand for further proceedings.

### B. Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why she contends reversal or remand is warranted. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13 CIV. 06844 LGS DF, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand").

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 12) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 14) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 10, 2019
 Rochester, New York